# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN CONNORS, | )<br>) |
| Plaintiff, | )  Civil Action No. 17-1003<br>) |
| v. | )<br>)  Judge Cathy Bissoon |
| JIM SHORKEY FAMILY AUTO GROUP, | )<br>) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) (Doc. 17). Plaintiff previously exercised her right to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. 11). Plaintiff now seeks leave to amend the complaint for a second time: (1) to add PHRA claims; (2) to assert PHRA claims against individual Defendant Jim Shorkey III; (3) to amend the caption to correct the company Defendant's name; and (4) to respond to Defendant's pending Motion to Dismiss. (Doc. 17 ¶ 7). For the reasons that follow, Plaintiff's Motion will be GRANTED IN PART AND DENIED IN PART.

As an initial matter, the Court notes that Plaintiff failed to attach a copy of the proposed Second Amended Complaint to her Motion for Leave. As the Court of Appeals for the Third Circuit repeatedly has held, "the failure to submit a draft amended complaint 'is fatal to a request for leave to amend.'" McWreath v. Range Res.-Appalachia, LLC, 645 Fed.Appx. 190, 196 (3d Cir. 2016)) (quoting U.S. ex rel. Zizic v. Q2Administrators, LLC, 728 F.3d 228, 243 (3d Cir. 2013). Nevertheless, the Court will grant Plaintiff leave to amend the complaint for the limited

1

purpose of adding PHRA claims, asserting such claims against the individual defendant Jim Shorkey III, and amending the caption to correct the current Defendant's name.

The Court, however, will not permit Plaintiff to amend her Complaint "in response to Defendant's latest Motion to dismiss." (Doc. 17 ¶ 7). Plaintiff already has had the opportunity to amend her complaint to respond to Defendant's arguments in its initial motion to dismiss. (Doc. 11). Furthermore, the Court's August 1, 2017 Order[1] requires the parties to meet and confer prior to filing any motions to dismiss (Doc. 2), and counsel for Defendant twice certified that he in fact "made good faith efforts to confer with [Plaintiff's] counsel . . . to determine whether the identified pleading deficiencies . . . may be cured by amendment." (Docs. 8 and 14). Thus, Plaintiff has had multiple opportunities to amend her complaint, both before and after Defendant filed its motions to dismiss, to cure any pleading deficiencies, and has not provided the Court with any reason why she should be given another bite at the apple. See Taylor v. Pilewski, 2008 WL 4861446, *3 (W.D. Pa. Nov. 7, 2008) ("[the c]ourt need not provide endless opportunities" for amendment, especially where such opportunity already has been enjoyed).

Plaintiff shall have until December 7, 2017 to file her Second Amended Complaint. Defendants shall answer or otherwise respond fourteen (14) days thereafter. In light of today's ruling, Defendant's pending Motion to Dismiss (Doc. 14) is hereby DENIED AS MOOT.

IT IS SO ORDERED.


December 4, 2017                                   s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

---

[1] Indeed, the very purpose of the Court's Order is to avoid the situation we have before us.

cc (via ECF email notification):

All counsel of record